**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO GAMALIEL MARIN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71965<br><br>Agency No. A075-659-371<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Arturo Gamaliel Marin, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We deny in part, and dismiss in part, the petition for review.

The agency did not abuse its discretion in denying Marin's motion because it was filed more than nine years after his removal order became final, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and Marin did not establish that he acted with the due diligence required for equitable tolling of the filing deadline, *see Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (equitable tolling available where, despite due diligence, petitioner is unable to obtain vital information bearing on the existence of a claim because of circumstances beyond petitioner's control).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**